IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SYLVESTER DUDLEY, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 5:02CV00097JFF |
| | * | |
| MAX MOBLEY, *et al.*, | * | |
| | * | |
| Defendants | * | |

## ORDER of DISMISSAL

Plaintiff Dudley filed this action alleging that Defendants Harmon, Mobley and Mellen[1] denied him behavioral and mental health rehabilitation; that he was confined to the hole for over a year for behavior that he cannot control; and he suffers from hallucinations, devious thoughts and fear. Plaintiff refers to his problem as an "addition" for which he needs treatment. He has been told that the only unit offering such treatment was the Varner unit, but that he was not eligible for a transfer until he obtained a certain level of classification. The case was dismissed prior to service, and the Eighth Circuit reversed and remanded on appeal in a unpublished opinion dated December 3, 2002. The Court found that Plaintiff did not state a claim regarding his prison classification or segregated confinement; however, he had alleged sufficient facts to state a claim for deliberate indifference to his serious medical needs. On remand, the parties consented to appear before the undersigned (docket entry #25). Given no demand was made for a jury trial, the Court held a bench trial on July 20, 2005, and heard testimony from Plaintiff and Defendant Mobley.

---

[1]Service was returned unexecuted for Defendant Mellen (docket entry #22).

1

Plaintiff was confined in the Arkansas Department of Correction in 1999 for a probation violation, and he was released June 13, 2003 (Pg. 6, ln. 10-13 and Pg. 21). During that time period, Plaintiff was confined in the Varner, Tucker Max and Cummins Units (Pg. 6, ln. 34 to pg. 7). Plaintiff flattened his time in 2003, but was subsequently incarcerated again on new charges and at the time of the bench trial he was housed at the East Arkansas Regional Unit (Pg. 7). Plaintiff was not taking any form of psychotrophic medication at the time of the trial nor did he take such medication while in the free world (Pg. 8).

During the time period that Plaintiff was initially incarcerated when this lawsuit was filed, he spent most of his time in isolation or the "hole" (Pg. 13, ln. 5-14). During this extended period of isolation, Plaintiff recalls receiving his 48 hour relief most of the time (Pg. 21-22). During his periods of relief, Plaintiff would remain in isolation but would have his property brought back to him, or he would be released to administrative segregation where he could watch television (Pg. 22). He was originally sent to the "hole" for a disciplinary violation, but then continued to get additional disciplinary violations while he remained in the "hole" (Pg. 20). He had a serious problem with masturbation, indecent exposure, fighting with guards, arguing and other problems he labels as "mental problems" (Pg. 10). Plaintiff believes that he could not control his behavior (Pg. 14, ln. 2-10). Plaintiff requested that he be placed in some sort of class to help him with his problems (Pg. 12). Plaintiff did not specify what type of treatment he sought, only that he there should have been some type of rehabilitation program directed to help him with things he was doing while in isolation (Pg. 18). Plaintiff spoke with the Doctors Engstrom and Mellen (Pg. 11). Dr. Mellen told Plaintiff that he needed to work to get above a level IV classification and change his ways in order to be eligible for a program (Pg. 19-20).

Plaintiff remained a class IV for four years (Pg. 20).

Plaintiff never spoke directly with Warden Harmon or Max Mobley about his concerns or problems that he experienced while in isolation (Pg. 12).  Plaintiff has sued Warden Harmon and Max Mobley because of the response that they gave to Plaintiff's grievance that was filed after Plaintiff spoke with Doctor Mellen, who is a licensed psychologist and Engstrom, who is now, but was not at the time a licensed psychological examiner (Pg. 16 and Pg. 35).   Plaintiff was in the "hole" the entire time he housed at the Cummins Unit (Pg. 17).  Neither Warden Harmon nor Defendant Mobley sent Plaintiff to the "hole" (Pg. 18).

Plaintiff feels that because he did not get some form of treatment and stayed in the "hole" so long that he started to hear things, see things move, talk to himself, and scream and shout (Pg. 17).  Plaintiff "thinks" that he spoke with Dr. Mellen about these problems, but does not recall talking to Dr. Engstrom about these same problems (Pg. 21).

At the time of the trial, Dr. Mobley served as the Deputy Director for Health and Correctional Programs[2] (Pg. 26).  Dr. Mobley brought two documents to the hearing from Plaintiff's mental health file.  Although Mobley had not seen the documents prior to being served with the lawsuit, the information was "probably checked" when his office responded to Plaintiff's grievance appeal (Pg. 27).  The documents are a April 10, 2001 note by Dr. Ed Engstrom and an April 26, 2001 note from Dr. Mellen (Pg. 28).  Neither document references Plaintiff hearing voices (Pg. 28).   Dr. Engstrom stated that Plaintiff was seen upon his request with a complaint of masturbation, and reflects Dr. Engstrom's conclusion that Plaintiff lacks a willingness to work on his problem.  Dr. Mellen's note was created following a 180 day

---

[2]Dr. Mobley is now retired from his position with the Department.

assessment in which Plaintiff reported that he was not suicidal and was not having psychotic symptoms (Pg. 29-30). Drs. Mellen and Engstrom would have been responsible for determining whether Plaintiff needed additional treatment (Pg. 33). In addition, if Plaintiff had complained of hallucinating to either Mellen or Engstrom, they would have had the professional credentials to act upon the information (Pg. 35). If either had seen a need for psychotropic medication, they would have been able to contact a psychiatrist who would have held clinic at the prison or reported immediately if the situation were an emergency (Pg. 35).

      Only in rare and special circumstances does Dr. Mobley provide mental health treatment to inmates. He is responsible for ensuring the viability of the Department's mental health and medical programs (Pg. 33). It was never brought to Dr. Mobley's attention that Plaintiff was hearing voices or hallucinating (Pg. 30). Dr. Mobley testified that at various times, the Department had offered Sexual Addictions Anonymous or Sexual Abusers Anonymous, a 12 step voluntary program in which inmates could enroll. The program was probably not available to inmates in maximum security (Pg. 30). However, there is no program available in the Department for inmates complaining of masturbation problems (Pg. 31). Counseling is offered to teach the inmate about being appropriate with masturbation behavior (Pg. 30). Individual counseling is available to all inmates under any circumstance, and is not dependent on the inmate's housing status, classification or custody level (Pg. 31). Inmates in segregated confinement are encouraged to work individually with counselors in a segregated setting until they can deal with their problem to the extent that they are able to achieve a higher classification level when they can be then moved to a prison unit where group programs are available (Pg. 31). Group programs are generally restricted to inmates who are not being held in isolation,

maximum security or segregated confinement or who are not in protective custody because there is some danger in placing these inmates in a group setting (Pg. 31).  During the time period that Plaintiff was in isolation, he would not have been eligible for group counseling, but individual counseling was available to him (Pg. 32).  There are medical treatments available for excessive masturbation, which are rather dangerous and have rather gruesome side effects and are not used within the Department (Pg. 30-31).

Plaintiff was not treated for mental health problems before he entered the Arkansas Department of Correction, stating "I didn't think I had any kind of problem" (Pg. 20).  Plaintiff has not experienced the same problems during his current prison stay that he had experienced previously (Pg. 16-20).  Plaintiff attributes the change to the fact that he had people to talk to after he was released from prison including family members, some church people and a couple of psychiatrists who evaluated him for Social Security Disability (Pg. 15, ln. 1-22).  The psychiatrists told him he had a type of depression and another diagnosis Plaintiff could not recall (Pg. 15).  At the time of hearing, Plaintiff had an appeal pending for disability (Pg. 16, ln. 1-4).

The Eighth Amendment protects inmates from prison officials' deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, the government must provide medical care for its prison inmates, and its failure to treat an inmate's medical needs may produce unnecessary pain and suffering prohibited by the Eighth Amendment. *Id.*   To prevail on an Eighth Amendment claim, an inmate must prove that (1) the deprivation was sufficiently serious and (2) the defendant officials acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir.1993).

The evidence established that Plaintiff's only contact with Warden Harmon and Dr.

Mobley was through a grievance and grievance appeal. While Plaintiff stated in the grievance materials that he had an "addiction" and "problem" that he could not control, he did not complain that he was hallucinating. By the time he submitted his grievances, Plaintiff had been personally seen and evaluated by Drs. Mellen and Engstrom. Neither Mobley nor Harmon were involved in the treatment decisions concerning the Plaintiff. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for prison operation is insufficient to establish personal liability where prison officials lacked medical expertise, were not involved in treatment decisions and claims were referred to the medical unit) and *Spruce v. Sargent,* 149 F.3d 748 (8th Cir. 1998) (grievance form in which prisoner complained of being "jumped on" by inmate, and of mental stress was insufficient to establish that assistant director of corrections department had subjective knowledge that prisoner faced excessive risk of rape by other inmates). Accordingly, the Court granted Defendants' Motion for Judgment as a Matter of Law at the close of Plaintiff's testimony as to Defendant Harmon and reserved ruling on the motion as to Defendant Mobley.

Mobley presented evidence that Plaintiff was seen by Dr. Engstrom specifically for a complaint about behavior that he could not control, and that Dr. Engstrom concluded that Plaintiff could work to control his behavior, but lacked the willingness. Moreover, during the entire period that Plaintiff was confined in isolation, counselors were available to work with him on his problems on an individual basis. It is well settled that under Eighth Amendment law, Plaintiff had no right to demand a specific course of treatment – admittance into some form of group rehabilitation program. Accordingly, at the close of Mobley's testimony the Court granted Defendant Mobley's Motion for Judgment as a Matter of Law. Given the conclusions of Drs. Mellen and Engstrom, and the fact that individual counseling was available to him, there is no

evidence that Plaintiff had a serious medical need for mental or behavioral treatment to which the Defendants were deliberately indifferent. The critical factor is that the presence of symptoms which would have alerted a mental health professional to the possibility of more serious problems was never communicated to the health care workers. Had the Plaintiff done so, and had the Defendants then failed to act, the result might have been different.

IT IS THEREFORE ORDERED that this action is DISMISSED WITH PREJUDICE, and Judgment will be entered in favor of the Defendants. Defendants' Motion for Judgment on the Pleadings (docket entry #37) is DENIED as moot.

DATED this 15th day of March, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT